IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MANUEL PEREZ,

        Plaintiff,                      No. CIV S-06-2090 MCE GGH P

   vs.

D. K. SISTO, et al.,

        Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3       The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16      A complaint, or portion thereof, should only be dismissed for failure to state a
17 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
19 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
20 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
21 a complaint under this standard, the court must accept as true the allegations of the complaint in
22 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
23 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
24 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25      The complaint states a colorable claim for relief against defendants C. L.
26 Williams, S. Cortez, Cantu, J. Lozano, for violations of the Eighth Amendment, pursuant to 42

U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff lists some 29 individual prison staff and officials from California State Prison-Solano (CSP-Sol) as defendants in his complaint, seeking injunctive relief in the form of having disciplinary reports "overturned," and cleared from his record. He also seeks money damages. Although he does not state so expressly, he is implicitly seeking restoration of good time credits as well with regard to several CDC 115 rules violation reports for which he was assessed time credits.

Plaintiff claims that defendant Valdez engaged in a second retaliatory search of plaintiff's cell resulting in the loss of approximately $67.00 worth of personal property, including family photos and an address book. Complaint (Cmp.), p. 3-3a. This search followed a search wherein defendant Valdez had been unable to find alcohol in plaintiff's cell; defendant Valdez and plaintiff got into a verbal altercation, after which plaintiff locked his cell door and told defendant Valdez to leave him alone. Cmp. 3a. Two other prison staff, not defendants, showed up to place plaintiff in a holding cage while defendant Valdez conducted the second search. He states that his claim for the value of his lost property is pending before the Government Claims Board. Id.

On these facts, plaintiff fails to make a retaliation claim. In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege

specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)). Plaintiff does not make a showing that he was engaged in protected conduct when he locked his cell and told defendant Valdez to leave.

Moreover, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.
In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized; in fact, he directly suggests otherwise. Plaintiff's allegations against defendant Valdez concerning the taking of his property do not state a cognizable claim for relief, especially where he is actively pursuing the remedy authorized by state statute. Plaintiff's claim against defendant Valdez will be dismissed but plaintiff will be granted leave to amend within thirty days.

Plaintiff claims that he was trying to get prescription medication ordered by his psychiatrist when defendant Orrick refused to allow him to proceed, ordering him to turn back to his building. Plaintiff and defendant Orrick began to argue, each using vulgar language. As plaintiff walked back toward his housing unit, defendants Orrick and Flete ordered him to submit

4

1   to a pat down search, handcuffed him and placed him in a holding cage. Cmp., p. 3a. When
2   defendant Sandy asked what plaintiff had done, defendant Orrick replied: "I don't like being
3   called a fat fucking bitch." Id. (Plaintiff does not deny having said this). Half an hour later,
4   defendant Flete escorted plaintiff to an office where defendants Orrick and Sandy were located.
5   The contents of plaintiff's wallet was spread out on the desk and plaintiff's C-file was on the desk
6   where defendant Sandy was sitting. Defendant Sandy asked plaintiff with regard to defendant
7   Orrick: "What the fuck are you looking at her for?" Cmp., p. 3b. Defendant Sandy mocked
8   plaintiff and told him defendant Orrick would take whatever she could and Sandy said she would
9   take the necklace around plaintiff's neck, which plaintiff told her was a rosary. Plaintiff then
10  states that the rosary was broken off his neck (he was handcuffed), but he does not identify who
11  grabbed it. Plaintiff said he was placed in Ad Seg and subjected to a "trumped up" sexual
12  harassment charge. Cmp., pp. 3b-3c.
13            At the October 11, 2005, hearing on the sexual harassment charge, plaintiff was
14  denied an inmate Pasos as a witness and the hearing officer wrongly stated that plaintiff had said
15  that inmate Pasos had not witnessed the confrontation, which was not so. Cmp, p. 3f. Plaintiff
16  was found guilty of sexual harassment and was forfeited 30 days of work time credit and had four
17  points added to his classification score. Id.
18            Plaintiff is informed that with regard to money damages for alleged violations of
19  his constitutional rights in the procedures involved in prison disciplinaries resulting in the loss of
20  time credits, he is barred from proceeding in this action by Heck v. Humphrey, 512 U.S. 477, 114
21  S. Ct. 2364 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997). In Heck,
22  supra, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming
23  that state and county officials violated his constitutional rights, he sought damages for
24  improprieties in the investigation leading to his arrest, for the destruction of evidence, and for
25  conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on
26  voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive

relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that <u>Heck</u> applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. <u>Edwards</u> rejected the Ninth Circuit's holding in <u>Gotcher v. Wood</u>, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by <u>Heck</u>.  Plaintiff does not make clear that the judgment of this hearing has been reversed.

To the extent that plaintiff complains of the conduct he suffered at the hands of defendants Flete, Sandy and Orrick, plaintiff does not set forth a deprivation of his constitutional rights when he was interrupted in going to get a pill, but then engaged in exchanging verbal epithets with defendant Orrick and was later taken to an office and charged with a rules violation. To the extent that the removal of his rosary by force could possibly rise to a constitutional deprivation, he does not state who actually forced it from him.  Defendants claims regarding this incident against defendants Flete, Sandy and Orrick are dismissed but plaintiff is granted leave to amend within thirty days.

\\\\\

1    After going before a classification committee on September 8, 2005, plaintiff was
2 placed, on September 20, 2005, on yard one, waiting for defendant Orrick to determine whether
3 he could return to yard two.  Plaintiff wanted to be on yard two where he worked as a
4 clerk/teacher's aid in a G.E.D. class.  Plaintiff also did not get along with some inmates in yard
5 one.  He received a cellmate classified as "other" in yard one.  On October 3, 2005, plaintiff was
6 told he would be moved into another building and housed with an inmate classified as a
7 "northerner." Cmp., pp. 3c-3d.
8    Plaintiff complains that defendants Durfey and Roszko, on October 3, 2005, did
9 not want to hear his concerns about being placed with a "northerner," telling plaintiff he could
10 take the "northerner" as a cellmate or go to Ad Seg.  Plaintiff was told to inventory his property
11 and go to Ad Seg, where he was placed. Cmp., p. 3d.  On October 4, 2006, plaintiff was seen by a
12 Captain Scavetta, not a defendant for a 114 hearing to determine whether plaintiff should be kept
13 in Ad Seg or released.  Capt. Scavetta decided to release plaintiff to yard two, the yard plaintiff
14 wanted, but later that day, defendant Sgt. Flete arrived and informed plaintiff that the captain did
15 not have the authority to release plaintiff to yard two, and that plaintiff would have to be released
16 to yard one and be housed with the northerner or stay in Ad Seg. Cmp., pp. 3d-3e.
17    In general,.prison officials' housing and classification decisions do not give rise to
18 federal constitutional claims encompassed by the protection of liberty and property guaranteed by
19 the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.
20 Ct. 2701 (1972).  Defendants Durfey, Roszko, and Flete will be dismissed but plaintiff will be
21 granted thirty days' leave to amend.
22    When plaintiff was released from Ad Seg on October 4, 2005, plaintiff found that
23 his property had not been properly inventoried and that someone had broken in and stolen $200
24 worth of plaintiff's property.  Only when plaintiff reached the third level of appeal was plaintiff
25 granted $100 by the California Department of Corrections and Rehabilitation (CDCR) to pay for
26 the loss, which still leaves plaintiff out $100 worth of personal property.  Plaintiff names Sgt.

Hefley as a defendant for denying his appeal at the first level. Cmp., p. 3e.

Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1] Moreover, in this case, plaintiff concedes that he was eventually granted payment for his property loss through the administrative grievance process, notwithstanding that he believes he was entitled to more. Plaintiff's due process claim against defendant Hefley for denying his appeal at the first level will be dismissed but plaintiff will be granted leave to amend with thirty days.

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

As plaintiff names a Lieutenant Herrera as a defendant, plaintiff appears to be alleging that defendant Herrera violated his constitutional rights when he returned plaintiff to Ad Seg for safety reasons after plaintiff was involved in a fight with another inmate. Cmp., p. 3i. As noted, housing decisions by prison officials generally do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. Board of Regents v. Roth, supra, at 569, 92 S. Ct. 2701. Moreover, on a later date, defendant Herrera even informed plaintiff that the basis for plaintiff's placement in Ad Seg, evidently information concerning plaintiff's safety provided by defendant Williams, was not creditable. Cmp., p. 3l. Plaintiff does not allege that defendant Herrera could have been aware of this at the time he made the decision to place plaintiff in Ad Seg. Defendant Herrera will be dismissed as a defendant but plaintiff will be granted thirty days' leave to amend.

Plaintiff's claims against defendants Nuehring, Shockley and Cervantes related to plaintiff's dissatisfaction with the processing of plaintiff's appeals regarding his allegations of excessive force by defendants Cortez and Cantu, even though defendant Cervantes evidently partially granted the appeal, and it was still pending at the third level, but overdue, at the time of the filing of this action. Cmp. 3k. Plaintiff's allegations with regard to defendants Sisto, Stiles, Freese, and Corioso with regard to the appeal process are even more vague. As set forth earlier, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d at 860, citing Mann v. Adams, 855 F.2d at 640. Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484, 115 S. Ct. at 2300. Plaintiff's due process claims against defendants Nuehring, Shockley, Cervantes, Sisto, Stiles, Freese, and Corioso regarding the processing of his grievances is dismissed but plaintiff will be granted thirty days leave to amend.

On April 22, 2006, when defendant Correctional Officer (C/O) Baes arrived to escort plaintiff, plaintiff asked Baes if he knew what was going on, he responded in an irritated manner: "I don't know.  They don't tell me shit." Cmp., pp. 3l-3m.  Plaintiff questioned him further and defendant Baes continued to use profanity, which plaintiff asked him not to do more than once.  Defendant Baes became increasingly and, to plaintiff, inexplicably hostile in his manner and told plaintiff to slow down or he would put cuffs on him to which plaintiff responded by stopping and putting his hands behind his back and saying: "Go ahead handcuffs don't bother me."  Baes put handcuffs on plaintiff and then threatened plaintiff.  Upon reaching his destination, defendant Baes told defendant Sgt. Fugerson to "put this piece of shit in the cage." Cmp., p. 3m.

Plaintiff noticed Sgt. Orrick was standing down by the office door and asked defendant Fugerson what was going on to which Fugerson replied that it concerned a 115 hearing about a claim of sexual harassment against plaintiff.  Plaintiff told defendant Fugerson that the only sexual harassment charge against him was on appeal.  Defendant Lieutenant Wong told plaintiff that he was not there for any sexual harassment charge but for an interview on the 602 appeal he had filed against Sgt. Orrick for undue harassment and violation of due process.  Cmp. 3n.  A week later, on April 30, 2006, plaintiff received a CDC 115 rule violation report written by defendant Baes, alleging actions that may have led to violence, for which he was found guilty on May 16, 2006, and, inter alia, assessed 30 days worktime credit and for which 4 points were added to his classification score sheet.  Cmp., p. 3n.

Plaintiff makes no colorable allegations against defendants Baes, Orrick, Fugerson, or Wong based on these claims.  In the first place, as to defendant Baes, the use of profanity does not rise to the level of a constitutional violation.  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d at 139.  Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d at 925.  If plaintiff seeks to frame a claim of retaliation by defendant Baes, he must do so in conformity with the standard of a claim for retaliation set forth

10

earlier. Moreover, if plaintiff seeks to aver that he was wrongly convicted upon the CDC rules violation report by defendant Baes, and seeks money damages, plaintiff must first show that the conviction on the prison disciplinary has been overturned. See Heck, supra. To the extent that plaintiff seeks restoration of his time credits, plaintiff must proceed way of a habeas petition, pursuant to 28 U.S.C. § 2254:

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004). As to the other defendants named regarding the incident above, plaintiff makes no colorable allegation in the events that unfolded. Defendants Baes, Fugerson, Wong, are dismissed as well as is defendant Orrick, to the extent plaintiff intended to make a claim against her as to this incident, but plaintiff will be granted thirty days' leave to amend.

Plaintiff's remaining claims against defendants Sandy, Bender, Fugerson, Wong, Nuehring, Solarzano, and Justin concern allegations of due process violations in charges brought against him or at other CDC 115 rule violation report hearings, or are related to classification hearings, which the court has previously explained are not colorable claims in this § 1983 action, where plaintiff has not demonstrated, inter alia, that the prison disciplinary convictions have not been invalidated. Cmp., pp. 3n-3t. Defendants claims against defendants Sandy, Bender, Fugerson, Wong, Nuehring, Solarzano, and Justin related to these allegations will be dismissed but plaintiff will be granted leave to amend within thirty days. Finally, plaintiff sets forth no claims against defendants Butler, Burkson, Huser, or, if he has, the court is unable to locate them,

11

and these defendants must be dismissed, but plaintiff is granted leave to amend within thirty days.

Motion for Preliminary Injunction

Ironically, in light of plaintiff's allegations that CSP-Solano has an active "Green Wall" and "Code of Silence," (cmp., p. 3s), and that he has been subjected to numerous instances of due process violations and other abuse, plaintiff seeks, by separate motion, to have a preliminary injunction issue enjoining his transfer, pending litigation of this matter.  The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In this instance, plaintiff is being granted leave to amend at this point, so the court cannot reasonably evaluate the likelihood of success on the merits. Moreover, see Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir.1984) (allegation that prison guard planted false evidence in retaliation for prisoner's failure to pay extortion demand fails to state section 1983 claim so long as procedural due process was provided). The court will deny plaintiff's motion without prejudice to his re-noticing a motion for preliminary injunction upon the filing of an amended complaint, or the expiration of time for doing so.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading

1 | no longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2 | complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3 |       In accordance with the above, IT IS HEREBY ORDERED that:
4 |       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
5 |       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
6 | The fee shall be collected and paid in accordance with this court's order to the Director of the
7 | California Department of Corrections and Rehabilitation filed concurrently herewith.
8 |       3. Plaintiff's claims against defendants Valdez, Flete, Sandy, Orrick, Durfey,
9 | Roszko, Hefley, Herrera, Nuehring, Shockley, Cervantes, Sisto, Stiles, Freese, Corioso, Baes,
10 | Fugerson, Wong, Bender, Fugerson, Solarzano, Justin, Butler, Burkson, Huser are dismissed for
11 | the reasons discussed above, with leave to file an amended complaint within thirty days from the
12 | date of service of this Order.  Failure to file an amended complaint will result in a
13 | recommendation that these defendants be dismissed from this action.
14 |       4. Upon filing an amended complaint or expiration of the time allowed therefor,
15 | the court will make further orders for service of process upon some or all of the defendants. 3.
16 | The complaint is dismissed for the reasons discussed above, with leave to file an amended
17 | complaint within thirty days from the date of service of this order.  Failure to file an amended
18 | complaint will result in a recommendation that the action be dismissed.
19 |       5. Plaintiff's motion for preliminary injunction is denied without prejudice to re-
20 | noticing such a motion upon the filing of an amended complaint or expiration of the time for
21 | doing so.
22 | DATED: 4/6/07

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
pere2090.b1nf