IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MANUEL PEREZ,

      Plaintiff,                    No. CIV S-06-2090 MCE GGH P

   vs.

D.K. SISTO, et al.,              ORDER &

      Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) plaintiff's motion for a default judgment, February 5, 2009; 2) plaintiff's "request for certificate [sic] Fed. R. Civ. P. 54(b)," filed on May 15, 2009; and 3) plaintiff's "notice to defendants of plaintiff's proposed ex parte order not to give deposition," construed as a motion to quash plaintiff's deposition subpoena.

Motion for Default

        By Order, filed on February 19, 2009, the January 8, 2009, Findings and Recommendations, 2009, granting defendant's motion to dismiss and dismissed defendants Durfey, Flete, Orrick, Roszko and Sandy from this action with the action to proceed only as to defendants who had previously answered (defendants Cantu, Cortez and Williams). As to

1

defendant Lozano, in the Order, filed January 8, 2009,[1] he/she was directed to show cause within ten days why he or she should not be found in default for failing to comply with Fed. R. Civ. P. 4(d)(3), when a waiver of service had been filed as to this defendant on February 8, 2008 (docket # 14), but no response on his/her behalf to the amended complaint had yet been filed.  By Order, filed on January 26, 2009, this court found defendants' counsel's timely response, on January 20, 2009, to have discharged the show cause, did not find defendant Lozano to be in default as counsel ascribed the omission/oversight entirely to himself, noting a voluminous caseload and that defendant Lozano's name had not been entered in the case management software when counsel began working on the defendants' responses;[2] the court also deemed the proposed answer submitted with defendant's response to be the answer filed on behalf of defendant Lozano. Although plaintiff does not appear to have raised the issue of defendant Lozano's failure to have responded prior to the court's addressing the matter, plaintiff has subsequently claimed to be prejudiced thereby.[3]  Plaintiff asks that defendant Lozano be found in default or that plaintiff be transferred back to Solano State Prison to conduct a "proper investigation."  The court having previously found defendant Lozano not to be in default, this request (and its inapposite alternative), will be denied.

Request for Judgment under Fed. R. Civ. P. 54(b)

Plaintiff filed an appeal of the February 19, 2009, Order, noted above, to the Ninth Circuit on March 5, 2009, which interlocutory appeal was dismissed for lack of jurisdiction by

---

[1] The Order & Findings and Recommendations, filed on January 8, 2009 (dkt # 30), were combined into one filing.

[2] Defendants' counsel's response indicates this occurred because defendant Lozano requested representation by the Office of the Attorney General after the other defendants had. See OSC response, filed on January 20, 2009 (dkt # 31).

[3] Plaintiff does note that in an October, 2008 filing (dkt # 26), defendant Lozano's name was referenced in defense counsel's extension of time request.  However, in that filing, counsel has not included Lozano's name as one of his clients above the caption, which tends to corroborate counsel's representation that Lozano's name had inadvertently not been entered in the case management software appropriately.

1  the Ninth Circuit on April 29, 2009, with a formal mandate, giving effect to that judgment filed

2  in this case docket on May 21, 2009.  See docket # 44 & # 49.  Plaintiff asks this court to enter

3  judgment, pursuant to Fed. R. Civ. 54(b), as to the order dismissing defendants Durfey, Flete,

4  Orrick, Roszko and Sandy, so that plaintiff may appeal their dismissal as a final judgment, even

5  though this case still proceeds as to four other defendants.

    Under Rule 54(b):

> When an action presents more than one claim for relief - - - whether as a claim, counterclaim, crossclaim, or third-party claim - - -or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

As very recently noted in a case within this district:

> There exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (9th Cir.1988) (citations omitted).  "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties."
> Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir.1981).

Johnson v. Dovey, 2009 WL 2413752 *1 (E.D. Cal. Aug. 5, 2009).

    Plaintiff contends, in conclusory fashion, that "there is no just reason for delay and final judgment should be entered" to permit him to appeal the February 19, 2009, Order. Request, pp. 1-2.  Plaintiff offers no explanation as to why he should be permitted to proceed to appeal a ruling dismissing some of the defendants, while the action proceeds as to other defendants, and how doing so is unlikely to result in parsed claims and possible multiple appeals in this single action.  Plaintiff's request for a final judgment under Rule 54(b) should be denied.

3

Request re: Quashing plaintiff's Deposition

Plaintiff contends that defendants Williams, Cantu, Cortez and Lozano did not provide notice of taking plaintiff's deposition within the constraints of the court's Scheduling Order, filed on February 26, 2009 (dkt # 39), setting a discovery deadline of June 5, 2009, stating that discovery requests should not be later than 60 days before the cutoff. Request at dkt # 48, p. 1. Plaintiff protests that he was not served with a notice of taking his deposition until May 15, 2009 (although he does not include a copy) for a June 4, 2009, deposition, and that the notice also requested plaintiff produce certain documents "for inspection and copying." Id., at 1-2. Plaintiff notes that the notice refers to the deposition continuing "from day to day until completed" and also avers that defendants are not complying with the court's scheduling order and states he will not submit to a deposition until ordered by the court to do so. Id. at 2.

Plaintiff is informed that the requirement that discovery requests be served by 60 days before the discovery deadline specifically references written discovery requests pursuant to Fed. R. Civ. P. Rules 31, 33, 34, 36. As to noticing depositions, in the court's April 14, 2008, Discovery Order (dkt # 23), it is clear that, pursuant to Fed. Rule Civ. P. 30, defendants were permitted to depose plaintiff or any other inmate witness with proper service of fourteen days' notice prior to the deposition. Thus, the May 15, 2009, notice of a deposition to be taken on June 4, 2009, was within the parameters of the court's orders. Moreover, on June 11, 2009 (dkt # 51), the court found good cause to grant defendants an additional seventeen days to conduct plaintiff's deposition. The defendants represented that the June 4, 2009, deposition had been canceled by the defendants due to an error and explained how that occurred. See Declaration of Rebecca Armstrong-Grau,[4] filed on June 3, 2009 (dkt # 50). Defendants' own cancellation of the original deposition date appears to have mooted plaintiff's request to the extent that he challenged the taking of his deposition on June 4, 2009; to the extent that he seeks in his request not to be

---

[4] Defendants' counsel.

4

deposed at all, the court's ruling on June 11, 2009, had the effect of denying any such request.

Although plaintiff also claims within this request that as of May 17, 2009 (request at p. 2), he had not yet received the discovery responses the court had directed, by an <u>Order</u> filed on May 6, 2009 (dkt # 46), defendants to serve upon plaintiff by no later than May 11, 2009, it is not clear to the court whether any such responses were served timely, but not as yet delivered to plaintiff at the time that he wrote his request. The court will require defendants to file a proof of service with the court within ten days demonstrating that the discovery responses at issue were served upon plaintiff by May 11, 2009.

Accordingly, IT IS ORDERED that:

1. Plaintiff's February 5, 2009 (dkt # 36), request for a default judgment against defendant Lozano, which the court had previously found not to be in default, is denied, as is his inapposite alternative request to be transferred to Solano State Prison.

2. Plaintiff's May 19, 2009 (dkt # 48), motion re: "not to give deposition," construed as a motion to quash the notice and taking of his deposition, is denied.

3. Defendants must file, within ten days, a proof of service showing that they served responses to plaintiff's discovery requests upon him, pursuant to the court's <u>Order</u>, filed on May 6, 2009 (dkt # 46), by no later than May 11, 2009.

IT IS RECOMMENDED that plaintiff's May 15, 2009 (dkt # 47) motion for the order dismissing several defendants to be certified as a final judgment for appeal, pursuant to Fed. R. Civ. P. 54(b), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: 08/25/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
pere2090.mtns