IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MANUEL PEREZ,

      Plaintiff,                    No. CIV S-06-2090 KJM GGH P

   vs.

D.K. SISTO, et al.,

      Defendants.            <u>ADDENDUM TO PRETRIAL ORDER</u>

_____/

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §1983. Defendants, on September 1, 2011, filed timely objections to the August 25, 2011, Pretrial Order. The parties therein are required to exchange trial exhibits by mail twenty-one days in advance of the trial confirmation hearing (TCH) on November 30, 2011. Defendants object to the requirement that the following of their exhibits be included in the exchange by mail: Exhibit (Ex.) V - Six (6) color photographs taken of Facility 2 Yard; Ex. W. Diagram of Facility 2 Yard; Ex. BB. Video-taped interview of plaintiff on February 3, 2006. Instead of providing copies of these exhibits for plaintiff, defendants request that they be permitted to make these exhibits available for plaintiff's review prior to the TCH. Concerns about security serve as the basis for this objection. The undersigned finds that defendants' objection as to this point is legitimate, and plaintiff has filed no response to the objection. This objection will be sustained,

1

but defendants must provide plaintiff full access to these three exhibits for his review by no later than twenty-one days before the TCH, and they must provide plaintiff with full access to these exhibits at trial for his own use.

Defendants also object to the requirement that they produce an original exhibit at trial that is to become the court's property for purposes of the trial. Defendants appear to object to this instruction on grounds of burdensomeness, contending that compelling the use of originals at trial would necessitate numerous documents be "de-file[d]" from plaintiff's prison files by the custodian. Defendants request in the alternative that they be permitted to use certified copies of the exhibits at trial. Defendants also seek the trial judge's permission to use declarations from the custodian of records to authenticate plaintiff's prison records, averring that use of the originals would require the custodians of plaintiff's files to be present at trial. Defendants contend that plaintiff will have an ample opportunity to review any particular record in advance and raise any objection as to authenticity. Whether declarations by custodians of records are to be permitted or not, defendants would nevertheless still seek certified copies for trial purposes, asserting that plaintiff's prison files will be made available at trial should a question of authenticity arise as to a specific document.

The undersigned will partially sustain defendants' objection to the requirement that they produce an original exhibit that is to become the court's property for purposes of the trial. If a "duplicate" exhibit meets the requirement of Fed.R.Ev. 1003, and it is otherwise authenticated as such, it may be utilized. Defendants were informed in the Pretrial Order, that they may not proceed on the basis of a unilateral stipulation to authenticate records by way of declarations from custodians of record, but must seek the permission of the trial judge to proceed with declarations from custodians of record for purposes of authentication at trial. Defendants objection to the Pretrial Order on this point, to the extent defendants pose one, is inapposite and is hereby overruled.

////

1  Plaintiff has, at docket # 97, in a filing dated September 12, 2011, filed and served a copy of Exhibits 1 through 4[1] which were identified as his proposed trial exhibits in the Pretrial Order; therefore, plaintiff has discharged his obligation to exchange his exhibit copies with defendants timely prior to the TCH.  Plaintiff was generously permitted twenty-eight days to identify any additional witness besides the defendants, including any other inmate witness, he intended to call at trial.  Plaintiff was cautioned that failure to do so would result in his being foreclosed from the testimony of other inmate witnesses.  Plaintiff has failed to provide any additional witnesses so plaintiff is confined to those set forth in the Pretrial Order.

IT IS SO ORDERED.

DATED: September 28, 2011

          /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

GGH:009
pere2090.add

---

[1] In the Pretrial Order, plaintiff's Exhibit 3 was identified as Declaration of defendant Cortez, dated October 5, 2009, and Exhibit 4, as Declaration of defendant Cantu, dated October 5, 2009.  Plaintiff has reversed the order of these two exhibits in his recent filing and has corrected the date of defendant Cantu's declaration to October 6, 2009; this modification, however, will not be regarded as significant.